IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSE LUIS YANEZ, #08898-026** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Civil Case No.   12-cv-281-MJR |
| **WARDEN CROSS; POLLMAN, Health Services Administrator; DR. KRUSE, Clinical Director; GILIAN, Physician's Assistant; ADESAYNA, Physician's Assistant; PAUL HARVEY, Regional Medical Director,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jose Luis Yanez, an inmate currently confined at FCI-Butner, filed this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Yanez challenges the conditions of his former confinement at FCI-Greenville, alleging that he suffered from multiple medical ailments for many years and received insufficient and delayed treatment. Yanez seeks monetary and prospective relief in the form of medical treatment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court applies the same standard under § 1915A as when deciding a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment, which includes a display of deliberate indifference to objectively severe medical conditions. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Medical personnel may exhibit deliberate indifference by persistently resorting to an easy course of treatment known to be ineffective. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). In some situations, delayed medical care may qualify as deliberate indifference. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Accepting Yanez's allegations as true and drawing inferences in his favor, the Court finds that he has articulated a plausible federal claim for relief:

> **Count 1**: That defendants Dr. Kruse and Paul Harvey violated the Eighth Amendment's proscription against cruel and unusual punishment by responding with deliberate indifference to Yanez's serious need for medical treatment of his spinal ailment by:
> (a). persisting in forms of treatment known to be ineffective,
> (b). failing to consult with a specialist,
> (c). failing to provide treatment in the form of surgery, and/or
> (d). delaying treatment in the form of wheelchair access

The Complaint does not include factual allegations describing specific acts or omissions by defendants Pollman, Adesayna, Cross, Gillian, or Harvey. General, vague conclusions about deficient care from "medical staff" do not plausibly suggest that these individual defendants could be liable for a deprivation of Constitutional proportion. Accordingly, claims against these defendants are DISMISSED without prejudice.

The Complaint shows that, in addition to his severe spinal ailment, Yanez has heart disease, rheumatoid arthritis, and gastroesophageal reflux disease. The allegations do not plausibly suggest both severity and indifference to needed care. While Yanez does say that he needs a pacemaker – and this certainly suggests severity – this is a recently diagnosed medical need. The allegations do not describe deliberate indifference to Yanez's new medical need for a procedure to install a pacemaker.

Yanez's allegations extend over a substantial period of time, giving the impression that he

seeks to recover for events occurring many years ago. *Bivens* claims arising in Illinois are subject to a 2-year statute of limitations. *Delgado-Brunet v. Clark*, 93 F.3d 399, 342 (7th Cir. 1996). Considering the nature of Yanez' allegations, the scope of the claim identified as Count 1 will include the 2-year period prior to April 2, 2012, plus an additional period to reflect the amount of time used to determine whether Yanez was entitled to an administrative remedy. *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008).

The Complaint was not signed by plaintiff, which is a technical violation of Rule 11. Fed. R. Civ. P. 11(a). Plaintiff may correct the error within 30 days. The Complaint will be stricken if the error is not corrected.

### **Motion**

On May 15, 2012, the Clerk received a large stack of medical records, construed as plaintiff's motion to file an exhibit to his Complaint (Doc. No. 5). The records are not accepted as an exhibit as they are not mentioned in the pleading. The motion (Doc. No. 5) is DENIED without prejudice. Yanez may file a written motion stating with particularity the relief sought and the grounds for the request (See Fed. R. Civ. P. 7(a)) and may introduce evidence in support of his claim at the appropriate time.

### **Disposition**

The Clerk of Court is **DIRECTED** to complete, on plaintiff's behalf, a summons and form USM- 285 for service of process on defendants Dr. Kruse and Paul Harvey. The Clerk shall issue the completed summons. The United States Marshal **SHALL** serve defendants Kruse and Harvey pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United

Case 3:12-cv-00281-MJR-SCW   Document 8   Filed 08/10/12   Page 4 of 5   Page ID #36

States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

-4-

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  SDIL-LR 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**SO ORDERED: August 10. 2012.**

 s/ MICHAEL J. REAGAN
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**