IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE LUIS YANEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12–cv–0281–MJR–SCW |
| | ) |
| DR. KRUSE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

In April 2012, *pro se* Plaintiff Jose Luis Yanez, an inmate at the Federal Correctional Institution in Butner, North Carolina (FCI Butner), sued six federal Bureau of Prisons (BOP) officials pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  District Judge Reagan performed a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and dismissed Yanez's claims against four of the defendants.  What remained were claims against Defendants Dr. Kruse and Paul Harvey, each of whom is alleged to have acted with deliberate indifference to Plaintiff's serious medical needs.  (Doc. 8, 2).  In the threshold order, Plaintiff was given 30 days to correct a technical violation: he had failed to sign the original complaint.  (Doc. 8, 3).

Now before the Court are three motions: Plaintiff's motion for an Extension of Time (Doc. 18), his Motion to Amend / Correct the Record (Doc. 23), and his Motion to Compel / Demand Discovery and Preservation of Notes (Doc. 24).  The motions will be taken in turn.

1.  **Motion for Extension of Time (Doc. 18)**

On October 30, 2012, District Judge Reagan gave Plaintiff (who had failed to attach his signature to the Complaint) leave to file a signed version of the Complaint out of time.  (*See* Doc.

20). But since Plaintiff's new pleading differed from the original Complaint in more than just the signature block, Yanez's motion was also construed as a Motion for Leave to Amend his Complaint.

Mr. Yanez's proposed Amended Complaint (Doc. 18-1) is largely identical to the original. Though the newer document is handwritten rather than typed, there is only one change in the text: formerly-named Defendant Paul Harvey is nowhere to be named.

Defendants have filed no objection to the motion for leave to amend.

Leave to amend, of course, should be freely granted when justice so requires. **Fed. R. Civ. P. 15(a)(2).** But that does not mean leave should always be given. ***Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).** Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, and repeated failures to cure deficiencies by amendments previously allowed. ***Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).**

Here, none of those concerns are present, so Mr. Yanez will be given leave to amend his complaint. Because the text of the motion (other than the exclusion of Dr. Harvey) is identical to the previous version, Yanez's case will proceed against Dr. Kruse as limned by the threshold order at Docket No. 8. However, since his new complaint contains no mention of Defendant Harvey, and his new complaint supersedes the original, Yanez's claims against Defendant Harvey are now moot. ***See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").**

Plaintiff's Motion for Extension (which has been construed as a Motion for Leave to Amend) (**Doc. 18**) is therefore **GRANTED**. The Clerk is **DIRECTED** to re-docket Attachment

1 to Mr. Yanez's Motion for Extension of Time (Doc. 18-1) as the First Amended Complaint, and to terminate Defendant Paul Harvey from the docket.

**2. Other Motions: Doc. 23 and Doc. 24**

Plaintiff's Motions at Docket Numbers 23 and 24 appear to be submitted on forms Plaintiff received from the prison library. Unfortunately, neither of those forms puts cogent or pertinent matters before the Court.

At Docket No. 23, Mr. Yanez has filed a "Suppliment Filing: A Commercial and Judicial Notice to Correct the Record." The motion appears to have two main purposes: to indicate that he would like notice of any deficiencies in his Amended Complaint, and to notify the Court that he has filed exhibits in support of his claims. As discussed above, Yanez's Amended Complaint supersedes the original, and (with the exception of leaving out Defendant Paul Harvey) will proceed just as the Original Complaint would have. As to the exhibits, Mr. Yanez should take note that it is unnecessary at this juncture to file any exhibits on the record. The sufficiency of any evidence will be tested on a motion for summary judgment or at trial. But for now, Yanez has made his Complaint, and Defendant Kruse must answer. Yanez's "Supplemental Filing," (**Doc. 23**) insofar as it is a motion at all, is **DENIED as MOOT.**

Yanez's motion at Docket No. 24 is also **DENIED**. In the motion, Yanez invokes rules of Criminal Procedure in hopes that notes, discovery, "and other exculpatory and inculpatory investigative and otherwise materials" will be preserved. This is a civil case, and as such the Rules of Criminal Procedure are not pertinent. The Trial Practice & Schedule in this case was entered two weeks ago, marking the beginning of discovery. Mr. Yanez should look to that document (Doc. 25) and the Federal Rules of Civil Procedure for guidance in navigating discovery in this case. Yanez's "Motion to Compel/Demand Discovery and Preservation of Notes and Other Exculpatory and

Inculpatory Investigative and Otherwise Materials for Inspection and Copying" (**Doc. 24**) is **DENIED.**

## DISPOSITION

Plaintiff's Motion for Extension of Time (construed as a Motion for Leave to Amend) (**Doc. 18**) is **GRANTED**. The Clerk is **DIRECTED** to re-docket Attachment 1 to Mr. Yanez's Motion for Extension of Time (Doc. 18-1) as the First Amended Complaint, and to terminate Defendant Paul Harvey from the docket. Yanez's case now contains one defendant and one count:

That Dr. Kruse violated the Eighth Amendment's proscription against cruel and unusual punishment by responding with deliberate indifference to Yanez's serious need for medical treatment of his spinal ailment by:

(a) Persisting in forms of treatment known to be ineffective;

(b) Failing to consult with a specialist;

(c) Failing to provide treatment in the form of surgery; and/or

(d) Delaying treatment in the form of wheelchair access.

Yanez' "Supplment Filing" (**Doc. 23**) is **DENIED as MOOT.** His Motion to Compel and Demand Discovery (**Doc. 24**) is **DENIED**.

Pursuant to the Court's order at Docket No. 21, Defendant Kruse's responsive pleading(s) are due on or before February 22, 2013.

**IT IS SO ORDERED.**

DATE: <u>February 8, 2013</u>                    /s/ *Stephen C. Williams*
                                                                **STEPHEN C. WILLIAMS**
                                                                United States Magistrate Judge